HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONI CARLSON,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

CASE NO. 3:19-cv-5333-RBL

ORDER ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO DISMISS

## INTRODUCTION

THIS MATTER is before the Court on Defendant United States' Motion to Dismiss and Plaintiff Joni Carlson's Motion to Remand. [Dkt #12 & #15]. Carlson is a USPS employee stationed in Olympia and living in Shelton. She alleges that her indirect supervisor, Alfredo Munoz, revealed her medical information to third parties in Shelton as part of an unauthorized worker's compensation fraud investigation. Carlson sued Munoz in state court for intentional, reckless, and negligent infliction of emotional distress; violation of privacy; and defamation. The U.S. Attorney for this District certified that Munoz was acting within the scope of his USPS employment, and substituted the United States as the sole defendant under the Federal Tort Claims Act. The United States then removed the case here.

Carlson argues that substitution and removal was improper because Munoz's alleged investigation was not within the scope of his employment, and the FTCA does not apply. She argues that Munoz is a customer service supervisor with no investigative authority, and instead revealed her information because of "personal vendetta issues" against her relating to time she took off work and other reasons. [Dkt. #12 at p. 3]. The Government argues that the Attorney General's certification is *prima facie* evidence that Munoz was acting in the scope of his employment, and Carlson has not met her burden of rebutting that evidence.

The Government also argues that, because the Attorney General's certification is valid, Carlson's intentional tort claims of emotional distress and defamation are barred by the FTCA. It argues that even if Carlson could otherwise assert a proper FTCA claim, she has failed to exhaust her administrative remedies and cannot bring suit. Finally, it argues that whether or not Munoz was acting within the scope of employment, Carlson's "violation of privacy" claim is preempted by the Civil Service Reform Act, which requires resolution of disputes regarding personnel decisions through a CSRA administrative process. It argues that because Carlson did not engage in that process, the Court does not have subject matter jurisdiction over her violation of privacy claim.

Carlson's motion and response are more akin to streams of consciousness than legal briefs. They contain few legal citations and no law/fact analysis, but it appears that she seeks to challenge the Attorney General's "scope of employment" certification. If she succeeds, she may still assert the emotional distress and defamation claims, but not the privacy claim, which is governed by the CSRA. *See Gutierrez de Martinez v. Lamango*, 515 U.S. 417 (1995); *Mangano v. United States*, 529 F.3d 1243, 1247 (9th Cir. 2008) (finding that the CSRA's scope is necessarily broad).

ORDER ON PLAINTIFF'S MOTION TO
REMAND AND DEFENDANT'S MOTION TO
DISMISS - 2

## DISCUSSION

**1. Violation of Privacy Claim**

Carlson contends that Munoz violated her right to privacy when he revealed her medical information to unauthorized third parties. The Government responds that this claim falls under the CSRA, not the FTCA, and can only be remedied through the exclusive CSRA administrative process. It therefore argues that the privacy claim should be dismissed for lack of subject matter jurisdiction, whether Munoz was acting in the scope of his employment or not.

The CSRA provides administrative remedies for federal employees challenging their supervisors' "prohibited personnel practices." *Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125, 1128 (9th Cir. 2002) (citing 5 U.S.C. § 2302), *abrogated on other grounds by Millbrook v. United States*, 569 U.S. 50 (2013). This process preempts the Privacy Act and the FTCA, even if it provides no alternative remedy. *Id*. Prohibited practices include "any 'personnel action' taken for an improper motive by someone who has authority to take personnel actions," including retaliation. *Mahtesian v. Lee*, 406 F.3d 1131, 1134 (9th Cir. 2005) (citing 5 U.S.C. §2302(b)); *Orsay*, 289 F.3d at 1129-1130. "Personnel actions" include "implementation or enforcement of any nondisclosure policy, form, or agreement." 5 U.S.C. § 2302(a)(2)(A)(xi). Additionally, prohibited practices include "taking 'personnel actions' violative of [the CSRA's] merit system principles," which include treating employees "with proper regard for their privacy and constitutional rights." *Saul v. United States*, 928 F.2d 829, 833 (9th Cir. 1991) (citing 5 U.S.C. § 2302(b)(2), (11)) (dismissing a federal employee's invasion of privacy claim as preempted under the CSRA).

Carlson asserts that Munoz violated her privacy rights in retaliation for the time she took off work. Violating an employee's right to privacy and taking personnel actions with a

retaliatory motive fall squarely under the CSRA, and Carlson can only remedy her privacy claim through its administrative process. This Court does not have subject matter jurisdiction over that claim. The Government's Motion to Dismiss Carlson's violation of privacy claim is GRANTED, and that claim is DISMISSED with prejudice and without leave to amend.

**2.    Scope of Employment Certification**

Carlson argues that the Attorney General's "scope of employment" certification was improper and the FTCA does not apply. She argues that this case should be remanded back to state court, with Munoz re-substituted as the defendant. The Government argues that the certification is *prima facie* evidence that Munoz was acting within the scope of his employment and, while Carlson can challenge that certification, she has failed to adequately do so. It argues that the certification was therefore correct, and the FTCA applies. Accordingly, Carlson's intentional tort claims for emotional distress and defamation must be dismissed, as the FTCA bars intentional tort claims. Finally, it argues that even if Carlson's claims were not barred, she has not exhausted her administrative remedies as required by the FTCA and her claims must be dismissed for lack of subject matter jurisdiction.

The FTCA waives sovereign immunity to defend civil actions brought against "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C.S. § 2679(b). A claimant may not bring suit under the FTCA "until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106 (1993). The FTCA is an "exclusive" remedy with "fatal consequences," precluding "any other civil action or proceeding…arising out of or relating to the same subject matter against the employee." 28 U.S.C.S. § 2679(b); *Gutierrez*, 515 U.S. at 421. It bars claims "arising out of" intentional torts, including emotional distress claims. 28 U.S.C.S. § 2680(h); *see, e.g., Thomas-Lazear v. F.B.I.*,

851 F.2d 1202, 1207 (9th Cir. 1988) (claim for negligent infliction of emotional distress barred as essential to the claim for slander). If a claim falls under this exception, it "must be dismissed for lack of subject matter jurisdiction." *Bibeau v. Pac, Northwest Research Found. Inc.*, 339 F.3d 942, 945 (9th Cir. 2003) (citations omitted).

Upon Attorney General certification "that the defendant employee was acting within the scope of his office or employment" when the claim arose, the case is removed to federal court and the United States is substituted as the sole defendant. 28 U.S.C.S. § 2679(d). This certification is conclusive for purposes of removal and "forecloses any jurisdictional inquiry." *Osborn v. Haley*, 549 U.S. 233, 244 (2007). If challenged for purposes of substitution, however, the certification is reviewable by district courts *de novo*. *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995). Certification is *prima facie* evidence that the employee was acting within the scope of employment, and the party seeking review has the burden of presenting evidence and disproving certification "by a preponderance of the evidence." *Id*.

In determining whether an employee was acting within the scope of employment, the district court applies "the *respondeat superior* principles in the state in which the alleged tort occurred." *Green v. Hall*, 8 F.3d 695, 698-99 (9th Cir. 1993). Here, since the alleged torts occurred in Washington, Washington law applies. In Washington, an employee's conduct is "outside of the scope of employment if it 'is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve a master.'" *Robel v. Roundup Corp.*, 148 Wash. 2d 35, 53 (2002) (quoting Restatement (Second) of Agency § 228(2) (1958)). This does not require an employer to specifically authorize the employee's conduct; rather, the "proper inquiry is whether the employee was fulfilling his or her job functions at the time he or she engaged in the injurious conduct." *Id*.

"When the United States retains immunity from suit, certification disarms plaintiffs." *Gutierrez*, 515 U.S. at 427.  Here, the Government's certification that Munoz was acting within his scope of employment is based on evidence that is tenuous at best.  Munoz's allegations change throughout his testimony and contradict what almost every other disinterested witness contends.  Taking Carlson's version of events as true, it is practically undisputed—even by Munoz himself—that he was not acting within his scope of employment.  While a judgment on the merits of this question is not immediately necessary, dismissing Carlson's claims would leave her with no remedy whatsoever, and the Court is reluctant to dismiss them on such an unsubstantiated basis.

Remand back to state court is "categorically preclud[ed]," even if the certification was found to be improper and the substitution is reversed. *Osborn*, 549 U.S. at 244.  Carlson's Motion to Remand is DENIED.

For purposes of substitution, however, this Court construes Carlson's jumbled Response to the Government's Motion to Dismiss as an attempt to challenge the Attorney General's certification.  Carlson has provided evidence to support a challenge, but she must demonstrate legally and factually that the certification is improper by a preponderance of the evidence.  In light of the "fatal consequences" of dismissing this case entirely, *Gutierrez*, 515 U.S. at 421, this Court will allow Carlson 3 weeks to file a motion seeking review of the certification.  The Government shall file a response within 10 days of any filing.  The Court emphasizes that this final opportunity is predicated on Carlson's ability to state her case using customary law/fact analysis and with appropriate references to legal authorities—general references to cases "having pertinence" will not be accepted.  [Dkt. #12 at p. 11].

The Court will address the Government's Motion to Dismiss the emotional distress and defamation claims after the motion and response are filed.

**CONCLUSION**

For the above reasons, Plaintiff Carlson's Motion to Remand is DENIED. [Dkt. #12]. Defendant United States' Motion to Dismiss is GRANTED in part and DEFERRED in part. [Dkt. #15]. Carlson has 3 weeks to file an amended complaint addressing the remaining claims, and the United States has 10 days to reply.

IT IS SO ORDERED.

Dated this 25th day of June, 2019.

_____
Ronald B. Leighton
United States District Judge